# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

SUHAIL NAJIM ABDULLAH AL SHIMARI, *et al.*,

    *Plaintiffs-Appellees*,

v.                                     No. 25-1043

CACI PREMIER TECHNOLOGY, INC.,

    *Defendant-Appellant*.

## APPELLANT'S OPPOSED MOTION FOR AN EXPEDITED APPEAL

**I.  INTRODUCTION**

Pursuant to Fourth Circuit Rule 12(c), Federal Rule of Appellate Procedure 27, and Fourth Circuit Rule 27, Appellant CACI Premier Technology, Inc. ("CACI") respectively moves for an expedited appeal and requests an accelerated oral argument. Because of the number of complex legal issues to be addressed by the parties, and because both Plaintiffs and the United States oppose any shortening of the briefing period, CACI does not seek to truncate the briefing schedule, but merely seeks inclusion in the first oral argument session available after completion of briefing.

An expedited appeal is appropriate because this case is now seventeen years old and a related case, *Abbass v. CACI Premier Technology, Inc.*, No. 1:13-cv-1186 (E.D. Va.), is stayed and will remain stayed (with no significant movement in the case since it was filed) until this Court decides the appeal in the present case. The *Abbass* case is brought by forty-six Iraqis who allege that they were mistreated while in U.S. military custody at Abu Ghraib and elsewhere in Iraq, and seek to hold CACI and its parent company liable for such abuses under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. While the continued stay of the *Abbass* case pending resolution of this appeal is the best of a number of suboptimal options given the current posture of the present appeal, as the resolution of this appeal may functionally dispose of *Abbass*, it does counsel for expeditiously resolving the legal issues in this case so that *Abbass* can be dismissed or the parties can begin the massive and complicated discovery that the case would require.[1]

## II.    BACKGROUND

### A.    The Present Case

This appeal involves a lawsuit originally brought in 2008 by four Iraqis, one of whom subsequently had summary judgment entered against him. The

---

[1] Counsel for Plaintiffs-Appellees Suhail Najim Abdullah Al Shimari, Salah Hasan Nsaif Jasim Al-Ejaili, and Asa'ad Hamza Hanfoosh Al-Zuba'e oppose the relief sought in this motion. When contacted, counsel for Third-Party Defendant – Appellee the United States of America advised that the United States would review CACI's motion and file a response if warranted.

remaining three Plaintiffs seek to hold CACI liable, on a co-conspirator theory of liability, for abuses they allegedly suffered at the hands of U.S. soldiers while in U.S. military custody at Abu Ghraib prison in Iraq. Before, during, and after the trial of this case,[2] CACI raised a number of threshold legal arguments, including subject matter jurisdiction challenges, as to why Plaintiffs' claims could not proceed. These legal arguments, all of which will be presented on appeal, include the following:

- ➢ That the ATS has no extraterritorial application, and that Plaintiffs' claims, which involve abuses allegedly inflicted on them solely in Iraq, lack the requisite domestic conduct to permit the district court's exercise of subject matter jurisdiction over Plaintiffs' claims. *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 634 (2021)

- ➢ That the district court lacks the power to create a substantive cause of action under ATS that encompasses Plaintiffs' claims because Plaintiffs' claims arise out of the United States' conduct of war and the United States specifically pledged to provide an administrative remedy for bona fide claims of detainee abuse, an administrative remedy the Plaintiffs declined to pursue. *Nestle*, 593 U.S. at 635 (plurality opinion); *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 256 (2018); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 694 (2004); *see also Egbert v. Boule*, 596 U.S. 482, 491 (2022); *Bulger v. Hurwitz*, 62 F.4th 127, 136 (4th Cir. 2023).

- ➢ That CACI is entitled to derivative sovereign immunity because its interrogators at Abu Ghraib prison were under the operational direction and control of the U.S. military. *See Yearsley v. W.A. Ross*

---

[2] The case was tried twice, as the district court entered a mistrial after the first trial ended with a hung jury. The second trial ended with a jury verdict in Plaintiffs' favor on their conspiracy claims only, the district court having granted CACI judgment on Plaintiffs' aiding-and-abetting claims. CACI has appealed from the final judgment entered by the district court.

*Constr. Co.*, 309 U.S. 18, 20-21 (1940); *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 643 (4th Cir. 2018).

➢ That Plaintiffs' claims raise nonjusticiable political questions because the conduct of war is constitutionally committed to Congress and the Executive Branch, and there are no judicially-manageable standards for resolving the case. *See In re KBR, Inc. Burn Pit Litig.*, 893 F.3d 241, 259 (4th Cir. 2018)

➢ That the Plaintiffs' claims are preempted in that the federal interests involved in the prosecution of war eliminate any "non-federal tort duty," such as an ATS claim based on the law of nations, against a government contractor if the contractor's employees were "integrated into combatant activities over which the military retains command authority." *Hencely v. Fluor Corp.*, 120 F.4th 412, 426 (4th Cir. 2024).

➢ That the United States' three successful invocations of the state secrets privilege, which deprived CACI of discovery as to the identities of Plaintiffs' assigned interrogators (including the CACI interrogators assigned to these Plaintiffs), the training and experience of the interrogators participating in interrogations of these Plaintiffs, and the approved interrogation plans and reports for these Plaintiffs' interrogations, prevented CACI from properly defending itself, thus requiring dismissal. *See El-Masri v. United States*, 479 F.3d 296, 309 (4th Cir. 2007).

➢ That Plaintiffs' claims are barred by the borrowed servant doctrine because the U.S. military, and not CACI, had the power to direct and control CACI interrogators in their interactions with detainees. *See Estate of Alvarez v. Rockefeller Found.*, 96 F.4th 686 (4th Cir. 2024).

CACI filed its notice of appeal in this case on January 10, 2025, the same day that the district court denied CACI's motions for relief under Federal Rule of Civil Procedure 50(b) and 59 and entered an amended judgment confirming Plaintiffs' entitlement to post-judgment interest. No briefing schedule has been set.

### B.     The Related *Abbass* Case

The plaintiffs in the *Abbass* case filed their suit against CACI and its ultimate parent company in 2013. CACI promptly moved to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction and other deficiencies. But, after briefing was complete, the district court issued an order, *sua sponte*, staying all proceedings. The district court noted an appeal pending in this Court in *Al Shimari* that involved review of the district court's dismissal on extraterritoriality grounds, and stated that "resolution of those issues by the Fourth Circuit will most likely be dispositive of this action." Dkt. #26, *Abbass v. CACI Premier Tech.*, No. 1:13-cv-1186 (E.D. Va. filed Nov. 5, 2013). The extraterritoriality appeal in *Al Shimari* was not dispositive in this case, but the district court, without a stated rationale, simply left the stay in place.

After the first trial in *Al Shimari* ended in a mistrial, CACI moved to lift the stay in *Abbass* because any retrial in *Al Shimari* was months away and the district court's rulings on threshold legal issues in *Al Shimari* made it unlikely that district court proceedings in *Al Shimari* would dispose of the *Abbass* case. The district court declined to lift the stay and CACI appealed. *Abbass v. CACI Premier Tech.*, No. 24-1676 (4th Cir. notice of appeal filed July 23, 2024).

CACI moved to expedite the *Abbass* appeal so that its appeal, if successful, could result in *Abbass* becoming an active case during 2024. This Court, however,

- 5 -

denied CACI's motion to expedite and tentatively set the appeal for argument in March 2025. Dkt. #16, 21, *Abbass v. CACI Premier Tech.*, No. 24-1676 (4th Cir.). Given that the *Al Shimari* case is now on appeal, the efficiencies of beginning litigation in *Abbass* prior to resolution of the present appeal have diminished significantly. Accordingly, at the district court's urging (*see* Dkt. #1863 at 11, *Al Shimari v. CACI Premier Tech.*, No. 1:08-cv-0827 (E.D. Va.)), CACI moved to voluntarily dismiss its appeal of the stay order in *Abbass*, which this Court granted, meaning that *Abbass* case will remain stayed in the district court pending this Court's resolution of the present appeal. At that time, the district court and the parties will assess the viability of the *Abbass* case in light of this Court's legal rulings in deciding the *Al Shimari* appeal.

**III.   ARGUMENT**

The *Abbass* case, if it proceeds to discovery, will require a massive expenditure of resources by the parties, the district court, and the United States. The present case involved discovery into the treatment of four (4) detainees. That discovery resulted in three separate invocations of the state secrets privilege by the United States to shield from discovery the identities of the interrogators and interpreters assigned to participate in interrogations of the Plaintiffs and to shield from discovery evidence regarding interrogation approaches approved and used during Plaintiffs' interrogations. The result was that Plaintiffs' assigned

interrogators and interpreters were located by the United States, assigned pseudonyms, and deposed telephonically so that the parties would not learn the deponents' identities. This required pseudonymous telephonic depositions of eleven witnesses (eight interrogators and three interpreters) just for the four Plaintiffs in the present case.

By contrast, *Abbass* has forty-six (46) plaintiffs. Unlike Plaintiffs in the present case, who were all detainees at Abu Ghraib prison, the plaintiffs in *Abbass* were detained at facilities all over Iraq, so the number of interrogators and interpreters assigned to their interrogations, assuming they were interrogated, likely will dwarf the eleven pseudonymous depositions in this case. And the United States will have to review and make state secrets redactions on as many as forty-six detainee files as opposed to the four significantly-redacted detainee files that were produced in this case.

At bottom, litigation of *Abbass* would involve a massive discovery effort. *Al Shimari* is now on appeal, and CACI is raising threshold legal arguments in the *Al Shimari* appeal that, if accepted by the Court, would dispose of *Abbass* entirely. Therefore, it makes eminent sense from an efficiency standpoint to await resolution of this appeal before proceeding further in *Abbass*. At the same time, expeditious resolution of this appeal will reduce the amount of time in which the already-aged *Abbass* case remains dormant.

While the eleven-year stay in *Abbass* has been in effect, witnesses who were present at Abu Ghraib or who worked for CACI when it provided interrogators to the U.S. Army have died or become otherwise unavailable through illness.[3] Memories are fading across the board. The loss of these witnesses seriously damaged CACI's ability to defend itself at trial in *Al Shimari* and will damage CACI's ability to defend in *Abbass*. Thus, while a modest continuation of the stay in *Abbass* makes perfect sense, given that the legal issues to be decided in this appeal might dispose of *Abbass* in its entirety, expedition in addressing those threshold legal issues in this appeal serve the interests of efficiency while minimizing the harm from a continued delay in *Abbass*.

For all of these reasons, this Court should grant CACI's request for an expedited appeal, one that sets this appeal for the earliest oral argument session after completion of briefing.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant CACI's motion for an expedited appeal.

---

[3] These include CACI Premier Technology, Inc.'s President during the relevant time period as well as CACI International Inc's President and Chairman of the Board during the relevant time period. The Program Manager who interacted with CACI interrogators is deceased. In addition, a key CACI executive can no longer provide live testimony because of medical issues.

Respectfully submitted,

*/s/   John F. O'Connor*
John F. O'Connor
Linda C. Bailey
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
joconnor@steptoe.com
lbailey@steptoe.com

*Counsel for Appellants*

- 9 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Federal Rule of Appellate Procedure 27(d)(2), this motion contains 1,912 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1), which makes the typeface requirements of Federal Rule of Appellate Procedure 32(a) applicable to motions, because this motion has been prepared in a proportionately-spaced typeface using Microsoft Office Word in 14-point Times New Roman.

January 21, 2025                                         */s/ John F. O'Connor*
                                                                            John F. O'Connor

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served this 21st day of January, 2025, on the following:

>Cary Citronberg, Esq. (via ECF)
>Zwerling/Citronberg, PLLC
>114 North Alfred Street
>Alexandria, VA 22314
>cary@zwerling.com
>
>Charles B. Molster, III, Esq. (via ECF)
>Law Offices of Charles B. Molster, III PLLC
>2141 Wisconsin Avenue, N.W., Suite M
>Washington, D.C. 20007
>cmolster@molsterlaw.com
>
>Sharon Swingle, Esq. (via email)
>Michael Shih, Esq. (via email)
>United States Department of Justice
>Civil Division, Appellate Staff
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530
>sharon.swingle@usdoj.gov
>michael.shih@usdoj.gov

>>/s/ John F. O'Connor
>>John F. O'Connor