**No. 25-1043**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

**SUHAIL NAJIM ABDULLAH AL SHIMARI; SALAH HASAN NUSAIF JASIM AL-EJAILI; ASA'AD HAMZA HANFOOSH AL-ZUBA'E,**

Plaintiffs-Appellees,

**and**

**TAHA YASEEN ARRAQ RASHID; SA'AD HAMZA HANTOOSH AL-ZUBA'E,**

Plaintiffs

**v.**

**CACI PREMIER TECHNOLOGY, INC.,**

Defendant and Third-Party Plaintiff – Appellant,

**and**

**TIMOTHY DUGAN; CACI INTERNATIONAL INC; L-3 SERVICES, INC.,**

Defendants,

**and**

**UNITED STATES OF AMERICA; JOHN DOES 1-60,**

Third-Party Defendants - Appellees.

---

On Appeal from the United States District Court
for the Eastern District of Virginia, Case No. 1:08-cv-00827

---

# REPLY OF APPELLANT CACI PREMIER TECHNOLOGY, INC.
# IN SUPPORT OF ITS MOTION TO HOLD IN ABEYANCE ITS PETITION
# FOR REHEARING OR FOR REHEARING *EN BANC*

---

John F. O'Connor
Linda C. Bailey
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
joconnor@steptoe.com
lbailey@steptoe.com

Nina J. Ginsberg
GREENSPUN SHAPIRO
  GINSBERG & YANG, P.C.
3955 Chain Bridge Road, 2nd Floor
Fairfax, Virginia 22030
(703) 352-0100 – telephone
njg@greenspunlaw.com

*Counsel for Appellant CACI Premier Technology, Inc.*

## I.    INTRODUCTION

CACI Premier Technology, Inc. ("CACI") will not engage with the accusations and hyperbole that dominate Plaintiffs' opposition. The issue presented by this motion is straightforward:

1.    One of CACI's principal jurisdictional arguments on appeal is that Supreme Court case law precludes the judicially-implied Alien Tort Statute ("ATS") conspiracy claims recognized by the district court.

2.    In the 237 years since Congress enacted the ATS, the Supreme Court has decided only four cases addressing the ATS,[1] and in only two of those cases—*Sosa* and *Jesner*—did the majority address district courts' power to imply damages actions under ATS's jurisdictional grant.[2]

3.    *Cisco*,[3] which is fully briefed and argued, concerns the allowability of judicially-implied claims under the ATS.  The claims against Cisco are aiding-and-abetting claims, but the lead argument by both Cisco and the United States is that those claims fail because no new ATS claims of any type may be judicially implied.

4.    In assessing CACI's petition for rehearing or for rehearing *en banc*, would the Court's decision-making process benefit from knowing how the Supreme Court resolves *Cisco*?  If so, would holding CACI's petition in abeyance likely slow or speed the ultimate resolution of this appeal?  And if the Court concludes that holding CACI's petition in abeyance would likely slow the ultimate resolution of this appeal, which CACI submits is not likely the case, does any modest delay outweigh the improved decision-making process from knowing how the Supreme Court decides *Cisco*?

---

[1] *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004); *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108 (2013); *Jesner v. Arab Bank, PLC*, 584 U.S. 241 (2018); *Nestlé USA, Inc. v. Doe*, 593 U.S. 628 (2021).

[2] *Kiobel* and *Nestlé* addressed extraterritoriality, another jurisdictional defense asserted by CACI but which is not before the Supreme Court in *Cisco*.

[3] *Cisco v. Doe I*, No. 24-856 (argued Apr. 28, 2026).

For all their vitriol, Plaintiffs never meaningfully address the arguments actually made by the parties in *Cisco* and how holding CACI's petition in abeyance would actually affect the ultimate resolution of this case. As CACI explained in its motion, having the benefit of a decision in *Cisco* will improve the decision-making process on CACI's petition. Moreover, awaiting a decision in *Cisco* would slow resolution of CACI's petition only modestly, and likely would speed the ultimate resolution of this case.

## II.    ARGUMENT

### A.    The Supreme Court's Decision in *Cisco* Is Highly Likely to Inform the Proper Resolution of CACI's Petition

Plaintiffs deride as "speculation" CACI's contention that *Cisco* will likely impact the resolution of this case. Pl. Opp. 9. They also contend that by seeking abeyance pending *Cisco*, CACI "reveals that it had no meritorious grounds to ask the Court to rehear this case when it filed the Petition." Pl. Opp. 7-8. The first of these contentions is no basis for denying CACI's motion; the second does not withstand scrutiny.

As for speculating on how the Supreme Court might decide *Cisco*, of course CACI is engaged in speculation. This Court engages in speculation every time it holds an appeal in abeyance pending a Supreme Court decision, but the Court regularly does so. *See* CACI Mot. 6 n.8. Here, CACI's speculation is informed by multiple data points. In *Jesner*, the majority noted that "there is an argument that a proper application of *Sosa* would preclude courts from ever recognizing any new causes of action under the ATS," but did not reach that question. 584 U.S. at 265.

2

While the claims against Cisco are aiding-and-abetting claims, Cisco and the United States have argued, in their merits briefs and at oral argument, that the claims against Cisco fail because no new claims of any type may be judicially implied under the ATS.[4]  Thus, the Supreme Court inarguably has before it whether any new judicially-implied ATS claims are allowable.

By contrast, Plaintiffs' opposition simply cites the question presented in *Cisco*, which involves aiding and abetting, and engages in its own speculation that *Cisco* will scrupulously avoid a holding or reasoning that applies outside the narrow confines of aiding-and-abetting law.  Pl. Opp. 9-11.  But Plaintiffs' speculation pays no heed to what Cisco and the United States have argued in their briefs and at oral argument.

Plaintiffs' opposition also misses CACI's second point—that even if the Supreme Court's decision in *Cisco* is limited to aiding-and-abetting claims, the Court's reasoning is likely to inform the proper analysis of the claims against CACI.  In this appeal, the majority and dissent disagree sharply on whether a

---

[4] Cisco Merits Br. 17-27, *Cisco Sys., Inc. v. Doe I*, No. 24-856 (U.S. filed Feb. 18, 2026); Cisco Reply Br. 3-7 (U.S. filed Apr. 15, 2026); U.S. Merits Br. 9, *Cisco Sys., Inc. v. Doe I*, No. 24-856 (U.S. filed Feb. 25, 2026).  Oral Argument Tr. at 4-7, *Cisco Sys., Inc. v. Doe I*, No. 24-856 (U.S. Apr. 28, 2026) (argument of Cisco's counsel) ("In light of this Court's most recent cases concerning implied causes of action, the Court should take this opportunity to clarify that implying new causes of action under the ATS is impermissible."); *id.* at 51 (argument of U.S. counsel) ("[W]e agree with Petitioners that that is an available argument here to say that -- that you should close the door, that -- that the door having been left open has created too much mischief . . . .")).  The *Cisco* transcript is available at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24-856_0pm1.pdf.

3

*Bivens*-like analysis is required for judicially-implied ATS claims. *Compare Al Shimari v. CACI Premier Tech., Inc.*, 170 F.4th 162, 186-87 (4th Cir. 2026) *with id.* at 225 (Quattlebaum, J., dissenting). Even if the Supreme Court decides only the allowability of the aiding-and-abetting claims against *Cisco*, its mode of analysis is likely to shed considerable light on the proper mode of analysis required for deciding whether the judicially-implied ATS claims against CACI are allowable. Both the Supreme Court's holdings and the reasoning used to reach those holdings are binding on this Court. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996).

CACI's point is that it is impossible to know at this moment the precise basis on which the Supreme Court will decide *Cisco*. Deciding CACI's petition without the benefit of *Cisco*, which may control the result here but at a minimum can be expected to clarify the analysis for judicial implication of ATS claims, would forgo an opportunity for a better-informed decision.

Plaintiffs also miss the mark in arguing that CACI's mere filing of a motion for abeyance demonstrates that CACI's rehearing petition currently lacks merit. Pl. Opp. 7-8. CACI's petition for rehearing or for rehearing *en* banc is significantly devoted to explaining why the current state of the law supports rehearing. Indeed, CACI's petition relies heavily on the views expressed in Judge Quattlebaum's dissent that the panel majority's jurisdictional rulings are in clear conflict with existing decisions by the Supreme Court and other courts of appeals. That an important data point appears to be coming from the Supreme Court in the

4

next several weeks does not undermine the arguments for rehearing that are already available under existing law.

**B.      Plaintiffs' Opposition Does Not Meaningfully Address the Likely Effect of Abeyance on the Ultimate Resolution of this Case**

Plaintiffs' opposition decries "delay" as if it is a given that holding this case in abeyance will slow the ultimate resolution of this case. Pl. Opp. 13. Not so. A short abeyance here would avoid any potential remand for reconsideration in light of *Cisco*. That would speed the ultimate resolution of this case by months or even a year or more if the Supreme Court requested the views of the United States on a CACI petition for writ of *certiorari*. And even if a remand for reconsideration in light of *Cisco* were not in the cards, the delay occasioned by abeyance, which would be modest given the impending conclusion of the current Supreme Court Term, is significantly outweighed by the improved decision-making process inherent in deciding CACI's rehearing petition with the benefit of the Supreme Court's holding and reasoning in *Cisco*.

## III.   CONCLUSION

The Court should grant CACI's motion.

Respectfully submitted,

*/s/   John F. O'Connor*

| | |
|---|---|
| John F. O'Connor | Nina J. Ginsberg |
| Linda C. Bailey | GREENSPUN SHAPIRO |
| STEPTOE LLP |  GINSBERG & YANG, P.C. |
| 1330 Connecticut Avenue, N.W. | 3955 Chain Bridge Road, 2nd Floor |
| Washington, D.C. 20036 | Fairfax, Virginia 22030 |
| (202) 429-3000 – telephone | (703) 352-0100 – telephone |
| (202) 429-3000 – telephone | njg@greenspunlaw.com |
| joconnor@steptoe.com | |
| lbailey@steptoe.com | |

*Counsel for Appellant CACI Premier*
*Technology, Inc.*

April 29, 2026

6

**CERTIFICATE OF COMPLIANCE WITH RULE 27**

I, John F. O'Connor, hereby certify that:

1.     I am an attorney representing Appellant CACI Premier Technology, Inc.

2.     This motion is in Times New Roman 14-pt. type. Using the word count feature of the software used to prepare the brief, I have determined that the text of the brief (excluding the cover page, table of contents, table of authorities, certificates of compliance and service, and signature block) contains 1,482 words.

*/s/   John F. O'Connor*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2026, I caused a true copy of the foregoing to be filed through the Court's electronic case filing system, which automatically serves a true copy of the foregoing on all counsel of record.

*/s/  John F. O'Connor*