John F. O'Connor
202 429 8095
joconnor@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

June 24, 2026

Nwamaka C. Anowi, Esq.
Clerk, U.S. Court of Appeals
   for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

> **Re:**   ***Al Shimari, et al. v. CACI Premier Technology, Inc.***, **No. 25-1043;**
> **Submission of Supplemental Authority:** ***Cisco Systems, Inc. v. Doe***, **609 U.S.**
> **___ (June 23, 2026)**

Dear Ms. Anowi:

In *Cisco*, the Supreme Court held that federal courts may not create any causes of action under the Alien Tort Statute ("ATS") other than the three law of nations violations recognized at the time of ATS's enactment—violation of safe conducts, infringements of the rights of ambassadors, and piracy. *Cisco*, slip op. at 12. The principal dissent recognizes that *Cisco* "disclaims any future authority by any court to find additional causes of action in all cases to come, even though it declines to disturb the three implied causes of action previously recognized under the ATS." *Id.* at 10 (Sotomayor, J., dissenting). The *Cisco* decision is clear, unequivocal, and dispositive of this appeal.

Both claims on which the judgment below rests were judicially implied under the ATS— conspiracy to commit torture and conspiracy to impose cruel, inhuman, or degrading treatment. *Al Shimari v. CACI Premier Tech., Inc.*, 170 F.4th 162, 170 (4th Cir. 2026). CACI argued in the district court (JA.6406), in its merits brief in this appeal (CACI Br. 27-31), and in seeking rehearing or rehearing *en banc* (CACI Pet. 4-7) that the district court lacked the power to judicially imply Plaintiffs' claims. The panel majority rejected this argument over Judge Quattlebaum's dissent, holding that the district court had the power to imply both conspiracy causes of action under ATS. *Al Shimari*, 170 F.4th at 182-87; *id.* at 220-27 (Quattlebaum, J., dissenting).

*Cisco* holds otherwise. *Cisco* involved judicially-implied ATS claims alleging Cisco "aided and abetted violations of international law—namely, torture; cruel, inhuman, or degrading treatment; forced labor; prolonged and arbitrary detention; crimes against humanity; extrajudicial

Nwamaka C. Anowi, Esq.
June 24, 2026
Page 2

killing; and forced disappearance." *Cisco*, slip op. at 6. The Court rejected these claims because none of the alleged international law violations were among the three violations recognized at ATS's enactment. *Id.* at 12.

*Cisco* indisputably precludes new judicially-implied ATS claims, which bars the only two claims on which the judgment in this case rests. *Cisco*, slip op. at 1. Therefore, CACI respectfully requests that the Court vacate the district court's judgment and remand with instructions to dismiss Plaintiffs' claims for lack of jurisdiction.

Respectfully submitted,

John F. O'Connor
*Counsel for Appellant CACI Premier Technology, Inc.*

cc:     Counsel of Record