**No. 25-1043**

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

**SUHAIL NAJIM ABDULLAH AL SHIMARI; SALAH HASAN NUSAIF JASIM AL-EJAILI; ASA'AD HAMZA HANFOOSH AL-ZUBA'E,**

Plaintiffs-Appellees,

**and**

**TAHA YASEEN ARRAQ RASHID; SA'AD HAMZA HANTOOSH AL-ZUBA'E,**

Plaintiffs

**v.**

**CACI PREMIER TECHNOLOGY, INC.,**

Defendant and Third-Party Plaintiff –
Appellant,

**and**

**TIMOTHY DUGAN; CACI INTERNATIONAL INC; L-3 SERVICES, INC.,**

Defendants,

**and**

**UNITED STATES OF AMERICA; JOHN DOES 1-60,**

Third-Party Defendants - Appellees.

_____

On Appeal from the United States District Court
for the Eastern District of Virginia, Case No. 1:08-cv-00827

_____

## APPELLANT CACI PREMIER TECHNOLOGY, INC.'S OPPOSITION TO PROFESSORS OF LEGAL HISTORY'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

_____

John F. O'Connor
Linda C. Bailey
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
joconnor@steptoe.com
lbailey@steptoe.com

Nina J. Ginsberg
GREENSPUN SHAPIRO
GINSBERG & YANG, P.C.
3955 Chain Bridge Road, 2nd Floor
Fairfax, Virginia 22030
(703) 352-0100 – telephone
njg@greenspunlaw.com

*Counsel for Appellant CACI Premier
Technology, Inc.*

Appellant CACI Premier Technology, Inc. ("CACI") respectfully opposes the motion of self-identified Professors of Legal History to file a second *amici curiae* brief in support of Plaintiffs, this time to have their say in response to the Court's request for supplemental briefs addressing *Cisco Systems, Inc. v. Doe*, 609 U.S. ___ (June 23, 2026).[1]

Movants are not parties to this appeal. Represented by the same counsel, these movants have already had their views on the Alien Tort Statute ("ATS") presented to the Court in the form of a twenty-six page *amicus* brief they filed in support of Plaintiffs during merits briefing. Doc. 52-1. One of the principal opinions stated in their prior *amicus* brief was that, as a matter of legal history, the ATS was intended to provide jurisdiction over all law of nations violations by U.S. citizens, no matter where they occur (Doc. 52-1 at 14-16). The Supreme Court had already rejected this construction of the ATS when it held in *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124 (2013), that the ATS has no extraterritorial application, and emphatically rejected it in *Cisco*, slip op. at 12, where the Supreme Court held that judicially-implied causes of action could extend "no further" than the Blackstone Three. *Cisco*, slip op. at 12 & n.3. These *amici*, represented by the same counsel, also filed an *amicus* brief supporting the plaintiffs in *Cisco*, where the Supreme Court rejected their position that, as a matter of legal

---

[1] While Movants' motion states that their proposed *amicus* brief is attached as an exhibit to their motion, they actually filed it as a stand-alone brief. Doc. 121. The Court should deny Movants' motion and strike Docket Entry 121.

history, the plaintiffs' aiding-and-abetting claims should be available under the ATS. *Id.*

On June 29, 2026, this Court ordered the parties to file supplemental briefs addressing *Cisco*, allowing each party 3,900 words. The Court gave Plaintiffs five business days to file their brief and gave CACI five business days to respond. Though supporting Plaintiffs, Movants did not file their motion and proposed *amicus* brief by Plaintiffs' deadline, and instead took eight business days, filing their motion and proposed brief just two business days before CACI's responsive brief is due. Movants also propose to file a brief that is 2,597 words, when *amicus* briefs are not permitted to be more than half the length of parties' briefs. *See* Fed. R. App. P. 29(a)(5). If Movants' motion is granted, Plaintiffs and their supporters will have been allowed 6,497 words to argue Plaintiffs' position to just 3,900 words for CACI.

Plaintiffs have had every opportunity to confer with their proposed *amici*, and vice versa, in connection with the supplemental brief Plaintiffs filed on July 7, 2026. It would be unfair for Plaintiffs and their supporters to be heard twice (once just two business days before CACI's supplemental brief is due) on what is intended to be an abbreviated briefing addressing the meaning of a single Supreme Court decision. Allowing another supplemental brief supporting Plaintiffs also functionally expands the word limit in which Plaintiffs' arguments are presented, to CACI's prejudice.

Given the truncated schedule set by the Court for supplemental briefs, the limited word-count allowed, and the tardiness and excessive length of Movants'

2

proposed brief, the Court should deny the Professors of Legal History's motion to file a second *amicus curiae* brief in this appeal.  The parties are perfectly able to present their views on the question for which the Court requested briefing.

Respectfully submitted,


*/s/   John F. O'Connor*
John F. O'Connor
Linda C. Bailey
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
joconnor@steptoe.com
lbailey@steptoe.com

Nina J. Ginsberg
GREENSPUN SHAPIRO
GINSBERG & YANG, P.C.
3955 Chain Bridge Road, 2nd Floor
Fairfax, Virginia 22030
(703) 352-0100 – telephone
njg@greenspunlaw.com

*Counsel for Appellant CACI Premier*
*Technology, Inc.*


July 10, 2026

**CERTIFICATE OF COMPLIANCE WITH RULE 27(d)(2)(A)**

I, John F. O'Connor, hereby certify that:

1.      I am an attorney representing Appellant CACI Premier Technology, Inc.

2.      This opposition is in Times New Roman 14-pt. type.  Using the word count feature of the software used to prepare the brief, I have determined that the text of the opposition (excluding the cover page, certificates of compliance and service, and signature block) contains 544 words.

*/s/   John F. O'Connor*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2026, I caused a true copy of the foregoing to be filed through the Court's electronic case filing system, which automatically serves a true copy of the foregoing on all counsel of record.

*/s/   John F. O'Connor*

2