**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1043**

---

SUHAIL NAJIM ABDULLAH AL SHIMARI; SALAH HASAN NUSAIF JASIM AL-EJAILI; ASA'AD HAMZA HANFOOSH AL-ZUBA'E,

Plaintiffs – Appellees,

and

TAHA YASEEN ARRAQ RASHID; SA'AD HAMZA HANTOOSH AL-ZUBA'E

Plaintiffs,

v.

CACI PREMIER TECHNOLOGY, INCORPORATED,

Defendant and 3rd-Party Plaintiff – Appellant,

and

TIMOTHY DUGAN; CACI INTERNATIONAL, INCORPORATED; L-3 SERVICES, INCORPORATED,

Defendants,

v.

UNITED STATES OF AMERICA; JOHN DOES 1-60,

Third Party Defendants – Appellees.

-------------------------

PROFESSOR DEBORAH A. DEMOTT; SCHOLARS OF FEDERAL COURTS; PROFESSORS OF LEGAL HISTORY; FORMER MILITARY LEADERS AND LAWYERS

Amicus Supporting Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:08-cv-00827-LMB-JFA)

---

Submitted: July 15, 2026 Decided: August 28, 2026

---

Before THACKER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Reversed and remanded by unpublished per curiam opinion. Judge Quattlebaum wrote a separate concurring opinion.

---

**ON BRIEF:** John F. O'Connor, Linda C. Bailey, Joseph T. McClure, STEPTOE LLP, Washington, D.C.; Nina J. Ginsberg, GREENSPUN SHAPIRO GINSBERG & YANG, P.C., Fairfax, Virginia, for Appellant. Yaakov M. Roth, Acting Assistant Attorney General, Sharon Swingle, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Erik S. Siebert, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee United States. Baher Azmy, Katherine Gallagher, CENTER FOR CONSTITUTIONAL RIGHTS, New York, New York; Michael F. Buchanan, Andrew Haddad, W. Scott Kim, Alexandra Mahler-Haug, James Mayer, PATTERSON BELKNAP WEBB & TYLER LLP, New York, New York, for Plaintiff-Appellees. Agnieszka M. Fryszman, Nicholas Jacques, Washington, D.C., Benjamin F. Jackson, New York, New York, Adnan Toric, COHEN MILSTEIN SELLERS & TOLL PLLC, Philadelphia, Pennsylvania, for Amicus Professor Deborah A. DeMott. Lawrence S. Lustberg, Madhulika Murali, GIBBONS P.C., Newark, New Jersey, for Amici Scholars of Federal Courts. Tyler R. Giannini, Emily A. Ray, Jonathan B. Tucker, Human Rights Entrepreneurs Clinic, HARVARD LAW SCHOOL, Cambridge, Massachusetts, for Amici Professors of Legal History Nikolas Bowie, William R. Casto, Martin S. Flaherty, Eliga H. Gould, Stanley N. Katz, Samuel Moyn, and Anne-Marie Slaughter. Avidan Y. Cover, CASE WESTERN RESERVE UNIVERSITY SCHOOL OF LAW, Cleveland, Ohio; Jennifer B. Condon, Center for Social Justice, SETON HALL LAW SCHOOL, Newark, New Jersey, for Amici Former Military Leaders and Lawyers.

---

PER CURIAM:

Appellant CACI Premier Technology, Inc. (CACI) appeals judgment in the court below following summary judgment and jury trial. We previously issued an opinion affirming the jury verdict in favor of Plaintiffs-Appellees Suhail Najim Abdullah Al Shimari, Asa'ad Hamza Hanfoosh Al-Zuba'e, and Salah Hasan Nusaif Jasim Al-Ejaili (collectively, "Plaintiffs") and vacating the district court's judgment as to CACI's third-party complaint against the United States. *Al Shimari v. CACI Premier Tech., Inc.*, 170 F.4th 162 (4th Cir. 2026). CACI timely petitioned for panel rehearing and rehearing en banc.

Following the Supreme Court's decision in *Cisco Systems Inc. v. Doe I*, 600 U.S. ----, 146 S. Ct. 1882 (2026), we directed the parties to file supplemental briefs on the effect of the decision. In light of *Cisco*, we now grant the petition for panel rehearing, vacate our prior opinion, and remand with instructions to dismiss the case without prejudice. We deny as moot the motion to hold in abeyance the motion for rehearing en banc and motion to file an amicus brief.

We previously held that the causes of action here, conspiracy to commit torture and cruel, inhuman, and degrading treatment (CIDT), are cognizable under the Alien Tort Statute (ATS) under the framework announced in *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004). *Al Shimari*, 170 F.4th at 184–86. In *Cisco*, the Supreme Court effectively overruled this framework:

> [W]e close the door that *Sosa* cracked to judicially created ATS liability. We do not disturb *Sosa*'s holding that the ATS is a jurisdictional statute; nor do we revisit its assumption that causes of action are available for torts

> corresponding to the Blackstone three. We conclude only that *Sosa* was overly optimistic in its prediction that there might be a narrow class of cases in which courts may create ATS actions without infringing on the prerogatives of the political branches. In truth, this class is a null set.

146 S. Ct. at 1892 (footnote omitted). Just as the Court concluded that the *Cisco* plaintiffs' ATS claims—including aiding and abetting torture—must be dismissed, so too must we dismiss Plaintiffs' claims here—conspiracy to commit torture and CIDT.[*] Accordingly, we now reverse and remand with instructions to dismiss the case without prejudice.

*REVERSED AND REMANDED*

[*] CACI's third-party complaint against the United States seeks indemnification for any judgment entered against CACI. As we now reverse the judgment, the third-party complaint is dismissed as moot.

QUATTLEBAUM, Circuit Judge, concurring:

I concur in the decision to grant the petition for panel rehearing, to vacate the prior opinion and to remand to the district court for dismissal of the case for lack of jurisdiction. I write separately to highlight a few points.

Here, the plaintiffs' only claims are under the Alien Tort Statute for conspiracy to commit torture and conspiracy to commit cruel, inhuman and degrading treatment (CIDT). While I previously argued we did not have jurisdiction to consider those claims, we certainly don't after the Supreme Court's recent decision in *Cisco Systems, Inc. v. Doe I*, 609 U.S. ---, 146 S. Ct. 1882 (2026). There, the Court overruled the framework for recognizing claims it previously established in *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004). *Cisco*, 146 S. Ct. at 1892. In *Sosa*, the Court explained that the "ATS was meant to underwrite litigation of a narrow set of common law actions derived from the law of nations." 542 U.S. at 721. Before the enactment of the ATS, the criminal law of England identified only three offenses against the law of nations corresponding to certain torts: "violation of safe conducts, infringement of the rights of ambassadors, and piracy." *Id.* at 715 (citing 4 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 68 (1769)). "It was this narrow set of violations of the law of nations, admitting of a judicial remedy and at the same time threatening serious consequences in international affairs, that was probably on minds of the men who drafted the ATS with its reference to tort." *Id.* Despite that, the Court established a two-part framework for recognizing claims under the ATS. *Id.* at 725.

Even with that framework, the Supreme Court "never created a cause of action under the ATS." *Nestlé USA, Inc. v. Doe*, 593 U.S. 628, 635 (2021) (Thomas, J., plurality opinion). But plaintiffs continued to bring claims and lower courts struggled with resolving them. We did as well. In our prior opinion, I noted that based on Supreme Court cases it was apparent that "this test is extremely strict. . . . But the theoretical possibility that the *Sosa* door remains open has contributed, at least in part, to the second half of this 18-year litigation odyssey." *Al Shimari v. CACI Premier Tech., Inc.*, 170 F.4th 162, 221 n.6 (4th Cir. 2026) (Quattlebaum, J., dissenting) ("It seems that keeping a crack in the door open just leads to more confusion. This case illustrates why.").

*Cisco* clarified any confusion. There, the Supreme Court "close[d] the door that *Sosa* cracked and [held] that courts may not create new causes of action for violations of international norms." *Cisco*, 146 S. Ct. at 1886. But while new claims are plainly not permitted, the Court did not "revisit [*Sosa*'s] assumption that causes of action are available for torts corresponding to the Blackstone three." *Id.* at 1892. So, after *Cisco*, the only possible claims that can be brought under the ATS are for "violation of safe conducts, infringement of the rights of ambassadors, and piracy." *Sosa*, 542 U.S. at 715. For at least five reasons, the plaintiffs' claims do not qualify.

First, the plaintiffs did not allege a piracy claim. Notably absent from the operative complaint is a cause of action for piracy. Such a claim was never made, argued or in any way preserved.

Second, the plaintiffs' argument that their claims for conspiracy to commit torture and conspiracy to commit CIDT are permitted because they are effectively the same as, or

are at least analogous to, piracy is wrong. The Supreme Court left no room for such creative pleading. The only thing it left as potential ATS claims were the Blackstone three and plaintiffs did not allege any of those.

Even if plaintiffs had alleged conspiracy to commit piracy, that would fail. *See United States v. Ali*, 718 F.3d 929, 942 (D.C. Cir. 2013) (rejecting prosecution for conspiracy to commit piracy as a basis for violation of the law of nations by noting that conspiracy is a separate and distinct offense even from aiding and abetting). To repeat, the Supreme Court closed the *Sosa* door. Workarounds are foreclosed.

Third, conspiracy to commit torture and CIDT are nothing like late eighteenth and early nineteenth century piracy. "The offence of piracy, by common law, consists in committing those acts of robbery and depredation upon the high seas, which if committed upon land, would have amounted to felony there." 4 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 72 (1769). Key elements of piracy are both the geographical locale of the high seas and the act of robbery, neither of which are implicated here. *See United States v. Smith*, 18 U.S. 153, 162 (1820) (declaring "that piracy, by the law of nations, is robbery upon the sea").

Fourth, if the plaintiffs are right, any modern-day human rights violation would qualify. That would leave open the door the Supreme Court explicitly said it shut in *Cisco*. The Court could not have been clearer. The door *Sosa* opened is firmly closed. "The ATS simply does not permit all wrongful conduct to be classified as a tort in violation of the law of nations." *Al Shimari*, 170 F.4th at 226 (Quattlebaum, J., dissenting) (citing *Viet. Ass'n*

*for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 123 (2d Cir. 2008) and *Abiodun v. Martin Oil Serv., Inc.*, 475 F.2d 142, 145 (7th Cir. 1973)).

Fifth, even if plaintiffs were somehow able to get over those hurdles, they would still need to rebut the presumption against extraterritorial application. They cannot. The ATS does not give a clear indication that it extended jurisdiction "over causes of action alleging international-law violations committed overseas." *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325, 336 (2016); *see also Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 118 (2013) ("The ATS covers actions by aliens for violations of the law of nations, but that does not imply extraterritorial reach—such violations affecting aliens can occur either within or outside the United States."); *Nestlé USA*, 593 U.S. at 634 (rejecting an aiding and abetting slave labor claim under the ATS and recognizing the presumption against extraterritorial application). And the record is clear that the relevant conduct related to the ATS's focus, any violation of the law of nations by way of conspiracy to commit torture and CIDT, squarely took place outside of the United States in foreign territory outside of the United States' control. *See generally RJR Nabisco*, 579 U.S. at 337.

For these reasons, I concur in our decision to reverse and remand with instructions for the district court to dismiss the case.